UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSEPH GUARNERI,

                              Plaintiff,

       v.                                           1:21-CV-0496 (LEK/CFH)

SCHENECTADY CITY POLICE, et al.

                              Defendants.

---

**APPEARANCES:**

Joseph Guarneri
354 Edison Ave.
Schenectady, New York 12305
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Joseph Guarneri purported to commence this action on April 29, 2021, with the filing of a complaint and motion for leave to proceed in forma pauperis ("IFP"). See Dkt. Nos. 1 ("Compl"), 2. The Court administratively closed the case for failure to comply with the filing fee requirement. See Dkt. No. 4. On May 4, 2021, plaintiff filed an amended complaint and new motion for leave to proceed IFP. See Dkt. Nos. 5 ("Am. Compl."), 6. The Court administratively reopened the case on May 5, 2021. See Dkt. No. 7.[1]

---

[1] Plaintiff also filed a letter dated May 2, 2021 and entered May 4, 2021, addressed to the "Court Clerk," stating, "[t]his is cost me money for certified mail because you want to play games with my mail. It will not happen again period." Dkt. No. 8. It is entirely unclear what plaintiff is referring to in this letter. However, to the extent plaintiff is complaining about sending the Court certified mail, he is referred to the Court's

The Court has reviewed plaintiff's application for leave to proceed in forma pauperis and concludes that he financially qualifies for in forma pauperis relief for purposes of filing.[2] Accordingly, the Court must review plaintiff's complaint pursuant to 28 U.S.C. § 1915 to determine whether it may proceed.

## II.  Initial Review

### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

Local Rules of Practice, which was provided to him when he commenced this action.  See Dkt. No. 9.  All parties are required to comply with the Court's local rules of practice, regardless of whether they are represented or proceeding pro se.
[2]  Plaintiff is advised that he is still required to pay any costs and fees he may incur in this matter, including, but not limited to, copying fees, witness fees, and mailing expenses.

do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."). Because plaintiff is proceeding pro se, the Court construes his pleadings "to raise the strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B.  Complaint

Plaintiff's amended complaint is completed on a form complaint for civil rights violations pursuant to 42 U.S.C. § 1983.  See Dkt. No. 5. Plaintiff's complaint states that defendants committed excessive force on April 24, 2021 at 12:00 PM.  See id at 3.  He provides that he sustained unspecified injuries to his neck, low back, and right shoulder.  See id. at 4.  Plaintiff's demand for relief states: "$500,000."  Id. at 5.

Plaintiff's complaint contains no facts and no other information beyond that set forth in the above paragraph.  Plaintiff's complaint does not provide any context for his allegations of excessive force or injury.  Plaintiff does not explain the context surrounding how defendants came to use excessive force against him, such as whether it was pursuant to a traffic stop, an arrest, or within a different context.  Further, the Court is unable to discern from the complaint how each of the named defendants in the complaint were personally involved in use of excessive force against him.  "[I]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").  Indeed, a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint.  See Taylor v. City of New York, 953 F. Supp.

95 (S.D.N.Y. 1997) (quoting Thomas v. Beth Israel Hosp., Inc., 710 F. Supp. 935, 942 (S.D.N.Y. 1989)).  Plaintiff's amended complaint is wholly lacking in discernable facts or claims, the undersigned cannot conclude that it has stated "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see dkt. no. 5.  In sum, plaintiff fails to plead in a discernable manner how the specific defendants violated his constitutional rights.

The Court also observes that plaintiff indicates on his form complaint that he intends to sue each of the named individual defendants, Miss. Flavin and Mr. Czub, in their individual and official capacities.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  "New York State has not consented to suit in federal court."  Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977)).  Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).  "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment.  Id.  Accordingly,

it is recommended that all official capacity claims against defendants Flavin and Czub be dismissed with prejudice as barred by the Eleventh Amendment.

As plaintiff is proceeding pro se, in light of the special solicitude due, it is recommended that plaintiff be provided with an opportunity to amend his amended complaint in order to provide sufficient factual support for his allegations and an explanation of how each defendant was personally involved in the alleged violation of his constitutional rights.  Plaintiff is advised that if the District Judge permits him to file a second amended complaint, it will supersede and replace the amended complaint in its entirety.

### III.  Conclusion

Wherefore, for the reasons set forth herein, it is hereby

**ORDERED,** that plaintiff's Motion for Leave to Proceed IFP, Dkt. No. 6, is **GRANTED** *for the purpose of filing only*; and it is

**RECOMMENDED**, that plaintiff's amended complaint, Dkt. No. 5, be **DISMISSED without prejudice and with opportunity to amend**, except that plaintiff's claims against defendants Flavin and Czub in their official capacities be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, if the District Judge permits plaintiff an opportunity to amend after reviewing this Report-Recommendation & Order, and plaintiff fails to file a second amended complaint within the time frame the District Judge provides, this case be **DISMISSED** without further order of the Court.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[3]

    Dated: September 14, 2021
    Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3] If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).