UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH GUARNERI,

                              Plaintiff,

-against-                                         1:21-CV-0496 (LEK/CFH)

SCHENECTADY CITY POLICE, et al.,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**     **INTRODUCTION**

        Plaintiff Joseph Guarneri commenced this *pro se* action on April 29, 2021 and thereafter filed an amended complaint and motion for leave to proceed in forma pauperis ("IFP") on May 4, 2021. See Dkt. Nos 5 ("Amended Complaint"), 6. Plaintiff's Amended Complaint sets forth claims under 42 U.S.C. § 1983 against the Schenectady City Police and two officers employed by the Schenectady City Police—Officer Flavin and Officer Czub—both sued in their individual and official capacities. Am. Compl. at 2. Plaintiff alleges Flavin and Czub used excessive force against him on April 24, 2021. Id. at 3.

        Now before the Court is a Report-Recommendation filed by the Honorable Christian F. Hummel. Dkt. No. 11 ("Report-Recommendation"). Judge Hummel reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and recommends it be dismissed with leave to replead. Id. at 7. For the reasons that follow, the Court approves and adopts the Report-Recommendation with modification.

**II.**     **BACKGROUND**

    **A.**   **Factual Allegations**

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 5.

### B. The Report-Recommendation

The Report-Recommendation observes that the Amended Complaint does not set forth any facts or context for the claim of excessive force and merely states that Defendants committed excessive force on April 24, 2021 at 12:00 PM. See id. Therefore, the Report-Recommendation concludes, the Amended Complaint has not stated "enough facts to state a claim to relief that is plausible on its face." Id. at 6 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As such, Judge Hummel recommends dismissing the Amended Complaint with leave to replead and include sufficient facts. Id. at 7.

Additionally, the Report-Recommendation states that the claims made against Flavin and Czub in their official capacity are essentially § 1983 claims against the municipality, and thus cannot stand under the Eleventh amendment. Id. at 6. Accordingly, it is recommended that the claims against Flavin and Czub in their official capacities be dismissed with prejudice. Id. at 7.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07

(N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV.   DISCUSSION

Plaintiff did not file objections to the Report-Recommendation by October 1, 2021, when they were due pursuant to Fed. R. Civ. P. 6(d) and 6(a)(1)(C). See Docket. Consequently, the Court reviews the Report-Recommendation for clear error. The Court adopts the Report-Recommendation with the following modifications.

The Court agrees that the Amended Complaint does not state sufficient facts to state a claim to relief that is plausible on its face. See Twombly, 550 U.S. 544, 570 (2007). Thus, Plaintiff's Amended Complaint will be dismissed without prejudice and with an opportunity to file a second amended complaint setting forth sufficient facts to support a claim of excessive force.

However, Plaintiff's claims against Defendants in their official capacities will not be dismissed with prejudice.

A claim made against an individual officer in their official capacity is essentially a claim against the governmental entity that employs them. See Lore v. City of Syracuse, 670 F.3d 127, 164 (2d Cir. 2012) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.") (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). While states are immune from such claims, Eleventh Amendment sovereign immunity does not similarly shield municipalities. See Howlett v. Rose,

496 U.S. 356, 376 (1990) (holding that, while *States* are not "persons" subject to suit under § 1983, "[b]y including municipalities with the class of 'persons' subject to liability for violation of the Federal Constitution and laws, Congress . . . abolished whatever vestige of the State's sovereign immunity the municipality possessed."); W<u>oods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.</u>, 466 F.3d 232, 236 (2d Cir. 2006) ("a governmental entity is entitled to Eleventh Amendment immunity only if it is more like an arm of the State, such as a state agency, than like a municipal corporation or other political subdivision."). Thus, Section 1983 claims may properly be brought against a municipal employee in their official capacity; a plaintiff need only plead that a deprivation of rights was caused by a municipal policy or custom. See <u>Patterson v. Cty. of Oneida</u>, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (when defendant is individual sued in official capacity under § 1983, "plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.") (citing <u>Monell</u>, 436 U.S. at 692-94); <u>Bryant v. Maffucci</u>, 923 F.2d 979, 986 (2d Cir. 1991) ("In bringing suit [under § 1983] against defendants in their official capacities, [plaintiff] has effectively brought suit against the governmental unit that employs them, Westchester County . . . . [S]he must demonstrate that the county made some deliberate choice, implemented through policy or custom, which is the moving force behind the constitutional violation.") (citing <u>Monell</u>, 436 U.S. at 690 n.55).

      Thus, Plaintiffs' claims brought against Defendants in their official capacities are essentially claims against the municipality that employs them, in this case, the City of Schenectady. See <u>Marcano v. City of Schenectady</u>, 38 F. Supp. 3d 238, 250–51 (N.D.N.Y. 2014) (finding excessive force claims made against Schenectady police officers in their official capacities were essentially <u>Monell</u> claims against City of Schenectady). Because the Eleventh Amendment does not apply to municipalities, sovereign immunity does not bar these claims or

render them so inherently invalid that it would be futile to allow amendment and repleading. If properly supported by factual assertions, they could be brought and interpreted as <u>Monell</u> claims against the City of Schenectady.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 65) is **APPROVED and ADOPTED** with the above modification; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 5) be **DISMISSED without prejudice** and with opportunity to amend; and it is further

**ORDERED**, that if Plaintiff does not file a second amended complaint within 45 days from the entry of this memorandum-decision and order, this case will be **DISMISSED** without further order of the Court.

**IT IS SO ORDERED.**

DATED:   October 20, 2021
         Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge

5